FILED
NOV 2 2 2005
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

ENTERED
NOV 2 9 2005
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>RANDY HALL, aka DURAND D. HALL,<br><br>Debtor,<br><br>TODD HARDING &AND KIMBERLY HARDING,<br><br>Plaintiffs,<br>vs.<br>RANDY HALL, et al.,<br><br>Defendants. | Case No. LA 04-19698SB<br>Adv. No. LA 04-02225SB<br>CHAPTER 7<br>**ORDER DENYING NONDISCHARGEABILITY OF DEBT**<br><br>DATE: September 22, 2005<br>TIME: 10:00 a.m.<br>CRTRM.: 1575 (Roybal) |

## I. Introduction

This case raises the issue of whether the debt owing by debtor Randy Hall[1] ("Hall") to plaintiffs Todd Harding and Kimberly Harding ("the Hardings") is dischargeable pursuant

---

[1] This adversary proceeding is also brought against Hall's spouse Sondra L. Kaufeldt. However, the Hardings presented no evidence against her.

1

to § 523(a)(2).[2] The court finds that the debt is dischargeable on the ground that the Hardings have proven no damages.

## II. Relevant Facts

The joint pretrial order contains a statement of admitted facts requiring no proof, which are incorporated herein by reference, with one exception. Neither of the Hardings is a shareholder in Hy-Tech.

Neither of the Hardings paid any money for the work that Hall did on the enclosed patio. All of the payments to Hall came from Winning Performance Products, Inc. and Hy-Tech, each of which is a corporate entity that is not before the court. Neither corporate entity has objected to the discharge of the debt here at issue.

The Hardings are shareholders (along with Barbara Rodgers, Kimberly Harding's mother) in Winning Performance, a California corporation. Hy-Tech is a British based corporation with a branch in the United States for which Kimberly Harding works. She had signatory authority with respect to a Hy-Tech checking account.

Hy-Tech owed money to Winning Performance. The sum owing was at least as much as the funds paid by Hy-Tech to Hall. Hy-Tech did not owe any money to Hall, and did no business with him. Winning Performance also did no business with Hall, and owed him no money. While the Hardings were among the shareholders of Winning Performance, neither corporation owed them any money at the time that Hall was paid with funds from Winning Performance or from Hy-Tech.

## III. Analysis

---

[2] Unless otherwise indicated all section, code and chapter references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (West, 2004), and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036.

A bankruptcy discharge does not apply to a debt for money, property or services arising from a debtor's false pretenses, false representations, or actual fraud. *See* § 523(a)(2)(A). The Ninth Circuit applies a five-prong test to determine when a debt is non-dischargeable under this provision. The creditor must show: (1) that the debtor made the representations; (2) that the debtor knew they were false; (3) that the debtor made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on the statements; and (5) that creditor sustained damages as the proximate result of the representations. *See, e.g., Cowan v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 1018 n.2 (9th Cir. 1997).

The Hardings have not satisfied the damages prong of this test. This prong requires the creditor to show that the creditor sustained damages as the result of the debtor's fraudulent representation.

In this case, none of the money paid to Hall came from either of the Hardings. It all came from the corporate accounts belonging to Winning Performance and Hy-Tech. These funds did not belong to the Hardings.

Plaintiffs explain that, since Hy-Tech owed Winning Performance for its services, they wrote checks directly from Hy-Tech to Hall, instead of writing checks to Winning Performance and then transferring the money to their personal account. This evidence could perhaps support a finding that the funds paid from Hy-Tech were constructive payments from Winning Performance.

However, there is no credible evidence that justifies the Hardings' raid on the corporate funds of Winning Performance to pay their personal contract with Hall. Their status as shareholders gives them no such right to the possession or use of corporate funds for this personal purpose.

A shareholder's sole interest in a corporation, qua shareholder, is the shares of stock. Under applicable corporate law, the shares of stock typically confer five rights on a shareholder. First, a shareholder is entitled to an aliquot share of dividends, at such time (if ever) the corporation pays dividends to its shareholders. *See, e.g.,* 9 B.E. WITKIN

SUMMARY OF CALIFORNIA LAW, Corporations §174 (1989). Second, a shareholder typically has a right to attend meetings (including an annual meeting) of shareholders and to participate in the election of directors. *See, e.g., id.* § 159. Third, a shareholder has a right to inspect the corporate records, upon appropriate notice. *See, e.g., id.* § 171. Fourth, a shareholder is entitled to receive an annual report of the business and financial condition of the corporation. *See, e.g. id.* § 173. Finally, at such time as the corporation ceases business and is liquidated, a shareholder is entitled to a proportionate share of the remaining assets after the creditors are paid in full. *See, e.g., id.* § 222. There is no evidence that the funds paid to Hall on the Hardings' behalf resulted from any of these shareholder rights.

A shareholder may be entitled to compensation in consequence of the performance of services (as an employee, shareholder or director) for the corporation. A shareholder may also be entitled to corporate funds in consequence of doing business with the corporation as an agent or by contract. There is no evidence that the funds paid to Hall on the Hardings' behalf resulted from any such debt owing to them from Winning Performance.

Thus, any monetary damages and actual injury was suffered by the corporations and not by the Hardings. The Hardings did not sustain any actual damages.

### IV. Conclusion

For the above reasons, Hall does not owe a debt to the Hardings because the Hardings did not suffer any actual damages. Thus, Hall is entitled to judgment that the debt claimed by the Hardings is dischargeable in this case.

As to Defendant Sondra L. Kaufeldt, judgment is granted against the Hardings because of the absence of any probative evidence of any wrongdoing on her part against the Hardings.

Date: November 22, 2005.

_____
Samuel L. Bufford
United States Bankruptcy Court

## CERTIFICATE OF MAILING

I certify that a true copy of this **ORDER DENYING NONDISCHARGEABILITY OF DEBT** was mailed on 11/29/05 to the parties listed below:

U.S. Trustee's Office
725 So. Figueroa St., Suite 2600
Los Angeles, CA 90017

Lawrence D. Levine
30941 W. Agoura Rd., Suite 128
Westlake Village, CA 91361

Lawrence D. Levine
325 E Hillcrest Dr #242
Thousand Oaks, CA 91360

Clayton D. Wilson
414 South First Ave.
Arcadia, CA 91006-0759

Michael E Plotkin
150 S Los Robles Ave Ste 910
Pasadena, CA 91101

James L Brown
Law Offices of James L. Brown
3660 Wilshire Blvd., Suite 1118
Los Angeles, CA 90010

DATED: 11/29/05

_____
DEPUTY CLERK